23-1523 Lessors v. Defense At great personal risk, the Lessors signed contracts leasing their ancestral land to the U.S. government. In rejecting the Lessors' claims for unpaid rent, the Board reasoned, on summary judgment, that the Lessors cannot possibly prove that they own the land. But in 2021, the Afghan Land Court definitively held that the Lessors do own the land. At the outset today, I'd like to focus on why that 2021 decision is entitled to recognition. Because if this Court recognizes the 2021 decision, then the other issues in this case, including intent to contract and the Act of State doctrine, get much simpler. So turning to recognition, the only basis for not recognizing the 2021 decision that the government defends on appeal is supposed doubt about the Land Court's integrity under Section 484G of the Restatement. That provision clearly does not apply here. As the Restatement explains in Comment I, Section 484G, quote, requires... My understanding is the government of the Islamic Republic of Afghanistan no longer exists, right? Okay. So what effect, if any, does that have on our Act of State doctrine analysis here? So I don't think you need to get to that if you recognize the 2021 decision, but I'm happy to answer the question. So I think that supports our position that the Act of State doctrine does not apply. The Supreme Court's leading exposition of the Act of State doctrine in Sabatino says that the Act of State doctrine is a judge-made federal common law rule that only applies when its purposes are being served in a given case. One instance in which the doctrine's purposes would not be served is when the relevant sovereign no longer exists. That gives you a reason not to need to defer to that sovereign's sovereign acts. But you don't need to get to that, I think, if you recognize the 2021 decision. As I was saying, the only provision the government invokes is Section 484G, which requires a showing of corruption in the particular case with respect to the particular proceeding. For example, bribery of the judge may justify non-recognition... Why do you think that we don't need to reach it if we recognize the 2021 decision? I ask because the Board decided this case on two bases. One was Act of State, and the other was, I think, the interpretation of the 2018 decision. I feel like the 2021 decision only has the capacity to potentially wipe out that issue, which is the Board's interpretation of the 2018 decision. I don't understand how the 2021 decision has the ability to wipe out the separate and independent Act of State issue. Certainly. Explain how that weaves together for me. Absolutely. So the Board did decide this case on two independent grounds. One was that there was no intent to contract because the lessors don't own the land. If you recognize the 2021 decision, that conclusively establishes that we own the land. So that takes care of that ground of the decision. The other ground is the Act of State doctrine. When did the defense minister make his proclamation? What was it? 2017 and 2018. The timeline here is important. But he made a proclamation that the government owns the land. That is not what the declarations say. Whatever the declarations say, they cannot possibly mean that the lessors do not own the land because several years later, in 2021, the Afghan Land Court held definitively that the lessors do own the land. So in other words... It's a little bit challenging for me. I mean, I find this case to be quite tricky. I mean, a government that's no longer in power asserts that they own the land. A land court, a few years later, when there's a different government in power, says they didn't own the land. Why don't I look at the declaration by the minister at the time he was in power as effectively a taking? Regardless of who technically owned the land, what he was doing is declaring that the government is usurping this property for purposes of allowing the U.S. military to remain on it. So I think there's a... Because that feels like an Act of State to me. A taking feels like an Act of State. Is that right? A taking could be an Act of State, but this was not a taking. And there's a critical timing assumption in your question that I want to correct, which is that the 2021 decision happened when the Afghan Republic was still in power. That is a decision by a court of the Afghan Republic. So it's the same government that issued the 2021 decision. But it kind of doesn't matter, I mean, whether... If it was a taking, does it really matter? I think the 2021 decision shows that it was not a taking, because the 2021 decision definitively holds that my clients, the lessors, own the land. It can't have been taken from them if they own it. No, of course it can be taken from them if they own it. What do you mean? Governments can do temporary takings all the time. If this was a temporary taking, and there's been no suggestion in the board's decision that this was a temporary taking, that would merely go to the amount of damages, and the proper disposition by this court would be to reverse and remand for this to go back down. I think that the 2021 decision shows that there is nothing inconsistent between the declarations and our claims. Well, it's not that there's nothing inconsistent. Of course there's something inconsistent. The declaration says that they own the land, and the 2021 decision says, no, you didn't. So of course there's inconsistency. I think what you're saying is the 2021 decision sort of overrules the declaration. I think you can look at it either way. We do not believe there is anything inconsistent. But if you believe that the 2021 decision overruled the 2018 decisions, then the 2017 and 2018 declarations, then they've been wiped off the books, and there's nothing inconsistent with our claims today with those declarations if they've been invalid. Counsel, even if we find the 2021 decision is not entitled to recognition, is it your position that that decision would raise genuine issues of material fact? Absolutely. So you can recognize it as a court decision under the restatement principles. I think, as I was explaining, the board misapplied those principles. I think you could also just look at it as a piece of evidence. In Afghanistan, the courts are not just courts. They are also the recorder of deeds, and thus the 2021 decision. You are wading into a territory which is an appellate court. I feel very uncomfortable. You're asking me to basically make weird fact findings about another country's property and governmental regime. I feel like, if that's necessary, that's a vacate and remand for a fact finder to do that. That doesn't feel like something I should be doing. We would be happy with a vacate and remand, obviously. I think it's important to remember that the government raised non-recognition, and the government moved for summary judgment. So they need to meet all of their burdens as a matter of law on the current record. If there's any question about whether the current record is sufficient, then the proper disposition is to vacate and remand. I think you can do that through recognition principles, or just through treating the 2021 decision as effectively another deed. It's just another piece of evidence of ownership that raises a genuine issue of fact about who owns this land. To follow up on Judge Cunningham's earlier question regarding this government is no longer in existence, so I'm trying to wrap my head around how we deal with the active state doctrine. I know you said we don't have to get there, but if we do, I still struggle with that. They're not there in power anymore, everyone that was involved in this case. I think that's another reason not to apply the active state doctrine in this case. The active state doctrine is an affirmative defense. The government is the party that's asserting that defense. They bear the burden to establish all of the elements of the defense, and they have three elements they have to show. They have to show an official sovereign act. They have to show that that official sovereign act is inconsistent with some necessary element of our claim, and they have to show that applying the active state doctrine in this case would further the purposes that the active state doctrine is designed to further. That is part of their burden. And you're arguing the third one's not met here because it doesn't further the purpose. We argue all three. They have not met any of them. But the issue of the relevant sovereign no longer existing goes to the third piece of their burden. And Sabatino discusses this expressly. It expressly mentions the possibility of a sovereign that is no longer extant. So, counsel, assume that we do not give the 2021 decision recognition, and we want to rule as nearly as possible. Can you describe to me what you believe would be all the issues we'd have to address in that context? So I think on intent to contract, it's very simple. The only basis on which the board suggested that there isn't an intent to contract is that we don't own the land. The 2021 decision is evidence that we do own the land. It, at a bare minimum, raises a material question of fact about whether we own the land. So that takes care of intent to contract. Then the other issue is the active state. I think if there is a question about whether we own the land, the board emphasized that all parts of this case, intent to contract and the active state doctrine, ultimately come down to who owns this land. And so if there's material disputes of fact about who owns the land, then there's material disputes of fact such that the government can't meet its burden under the active state doctrine either. I think you could also add something about the fact that the relevant sovereign does not exist. That's another further reason why the active state doctrine would not apply here, and that the government hasn't met its burden. But I think that would be sufficient, and this court could remand on that basis. The 2017-2018 declarations, do you consider those to be sovereign acts? We do not believe they are sovereign acts. So what are they? Because ultimately, they build a military base on this land. Yes. How do you get more sovereign than putting a military base? So the relevant act is not the act of putting the military base there. The relevant act is issuing these declarations. And these are declarations, these are unilateral acts by the Afghan Ministry of Defense. The Ministry of Defense has no authority to alter Afghan property law or to take away our contract rights. So the declarations do as much as the Afghan military, Afghan MOD is authorized to do, which is to promise indemnification. They basically tell the U.S. government, you can use this land, and if somebody sues you, we will make you whole. And I think the U.S. government understood at the time that the declarations did not erase our contract rights. There are emails from U.S. real estate officers that say that the declarations have, quote, no value, and that notwithstanding the declarations, the U.S. government may still be liable for, quote, $24 million in rent. That's Appendix 1319 and 1352. So fundamentally, this is a commercial act. It is a promise of indemnification where the declarations may alter the rights and obligations as between the U.S. government and the Afghan government, but they do not change anything between the lessors and the U.S. government. The lessors still have a contract that entitles them to rent, and that hasn't changed. You want to say it to us for rebuttal? I will. Thank you. Thank you. Is it Mr. Chiavetti? Thank you, Your Honor. When the lawful pre-Taliban Afghanistan government declared to the United States in connection with the sovereign nation's bilateral security agreement that the Afghan government owned the land at issue in this case, that the United States was entitled to use it, and that any claims regarding that land would be submitted to and resolved by the government of Afghanistan, that was a sovereign act that is not reviewable in this court or by the ASPCA and that prevents recovery by the appellants in this case. But is that a sovereign act or is it just covenants? It was a sovereign act, Your Honor, because, again, my friend just mentioned that he tries to limit the ability, the scope of the declarations to what the Minister of Defense can do, but he neglects to mention that the bilateral security agreement, which is clearly, my friend relies upon that in their brief for the treaty exception, has the force of a treaty, and that treaty, that bilateral security agreement, expressly delegates to the Minister of Defense the ability to add additional areas to the terms of the bilateral security agreement. So those declarations have the force of the bilateral security agreement. They are essentially addenda, adding additional land to that, and really clarifying because the bilateral security agreement from the outset included FOB Schenck because it mentioned other areas of which the United States has use, which it did at the time that that bilateral security agreement was finalized, although it was turned over in the weeks after that to the Afghan government. Now, let me just jump to kind of the end of that three-part that you have to prove for the act of state, which has to do with applying it in this case. And if I might take issue with the three parts, but please ask your question first. Thank you. So what do we do with the fact that the sovereign no longer exists? Are we really, is there really an effectuation of the purposefulness and the act of the state when the sovereign doesn't exist anymore? Sure. If I may address that by first saying that the idea that there are three factors is incorrect on the act of state doctrine. There are two factors that need to be addressed. This part is one of the additional factors that's frequently referred to as the Sabatino factors. Numerous courts have found that the Sabatino factors need not be addressed when the first two factors, which is the actual factors of the act of state doctrine, when those apply, there's no need to get to this third factor at all. So that's our first answer to that question. But if the court does find that it needs to look at the additional Sabatino factors, which it should not because the act of state doctrine applies on its own terms, the government of Afghanistan that the United States recognizes is the government that issued these declarations. The government of the United States does not recognize the Taliban as the lawful government of Afghanistan. So although the facts on the ground may be that this government no longer is physically in charge of the nation of Afghanistan, there is no case law that appellants have point to where an unrecognized government has deposed them by force and therefore created liability for the United States by deposing the government by force. I'm confused. If the government no longer exists, how can that Sabatino factor be effectuated? Well, that's one consideration that Sabatino said should be looked to. Does the fact that the government no longer exists undermine the rationale for applying it in the first place? But that rationale, of course, applies because in the dealings with the United States, particularly the United States military with foreign nations in which we might want to cite military bases, can be subject to the outcome of the military conflict. Maybe there will be less incentive to ex-ante to make certain agreements or less binding nature or the United States will be less inclined to accept any promises made by a government that may or may not exist depending on the outcome of the hostility. So in this particular case, that absolutely still applies, even if the court were to look to that Sabatino factor. Because ex-ante, when the United States government is negotiating with the government of a foreign country in which military operations are ongoing, it needs to trust that that act of state will be trusted by U.S. courts, even if the military conflict doesn't go the way the United States would. What is the actual act of state? Is it the declaration? Is it the statement? Is it the waiver of future remuneration? What is precisely the act that the minister or the government took that you think amounts to the act? The act of state is declaring that the government owns the land. So as you pointed out, it can be an expropriation if in fact the lessor is on the land. The government of Afghanistan's position and our position is that the lessor has never owned the land in the first place. Then why did you pay him rent for a year? That seems like a problem for me. I mean, my government recognized them as the property owners and paid them rent for a year and I've seen no evidence in this record or otherwise that you've now concluded that was improper. Well, that's not the case, Your Honor. There is evidence in the record, the 2010 letter from the Corps of Engineers stating that the lessor's claim to property ownership was in question and that they would have to justify their ownership or else potentially have to repay the lease rent that was paid for 2009. So there was some effort to do that. There's some indication in the record and it's unfortunately not in the joint appendix. I'm not entirely sure why, but it is in the record. It was attached to the government's certified before the board. It's a declaration there that explains some of those side reasons for why things happened the way they did. I can get into that if you like. In fact, I have a copy of the declaration if you'd like to see it. What do you make of the fact that you have how many different court cases in Afghanistan say the lessor's own the property, right? You've got like 2018, 2021, so you've got... Well, 2018 did not say that, Your Honor. So the Supreme Court of Afghanistan, which is the Supreme Court... Yeah, they didn't say the lessor's owned the property, fair enough, but they also didn't say the government owned the property. In 2018, it was a vacating remand. You're not going to convince me otherwise. So skip that argument if you're going to try and make it. No, that's not the argument I was going to try to make, Your Honor, but they certainly definitively held that the evidence on which the lessors rely to state that they own the land did not show that they own the land. And it's exactly the same evidence that then a lower court came to an opposite conclusion without really addressing anything that the Supreme Court of Afghanistan had said in terms of pointing out potential fraud, pointing out that these water rights were not nearly comprehensive enough to cover the entirety of the land, pointing out various other irregularities, the non-cultivable nature of the land, the fact that the Taliban government previous to the government of Afghanistan... But all that resulted in was a vacate and remand. It did not result in any adjudication that they don't own the land. So why aren't there questions of fact at least created by the combination of both 2018, 2021, that questions of fact about who owns the land, such that at least the first of the two separate and independent bases upon which the board concluded this case in favor of the government is subject to questions of fact that need to go back. I mean, I understand there's a second independent one. Just put it to the side for me. Focus on the first one. Yes. So aside from the fact that the active state doctrine ends the case, the definitive, the last statement from Afghan courts that are entitled to any recognition in the United States courts is from the Afghan Supreme Court, which pretty definitively said that none of the evidence, which is the same evidence that appellants continue to rely on to establish that they own the land, that it did not establish that they own the land. Can you actually show me where that is? Because my clerk, who's really good, says the 2018 decision said the Maiden decision did not consider certain arguments made by the Afghan government. It did not say the lesser's proof was definitively insufficient. So that's her read of it. So why don't you show me where she's wrong? Well, 2012-21 is where that decision is located, Appendix 12-21. Hopefully this is the English version because I can't read the other ones. I believe so, yes. All right. Hopefully it's the English translation. Because it was very helpful when you gave us the other ones. Oh, I'm sorry. I pointed you to the wrong page. No, it's the 2018. That's the 2018 declaration. I saw 2018 and I got ahead of myself. I apologize. It was in several places here. It's at 1240. Or 90 is one. 1240. I think it's 1240. It is in here a few times. And actually the one with my annotation, so help me point you to the right place, is at 972. Over there. All right. So what do you want me to look at so that I can understand precisely where your argument is grounded? Yes, Your Honor. So the decision of the Commission starts on page 978. It's correct that the third paragraph from the bottom states that the civil and public rights to honor the Court of Appeal in Midam Wardock has not considered the forgery claim made by the legal representative. The next paragraph, however, states, the handwritten version of the above-mentioned deed differs from its preceding and succeeding deeds, but the Competent Court has failed to take this matter into its consideration. So it found the fact that the handwriting differs. So it didn't find necessarily that there was a forgery, but it found that the handwriting is different here. It further states on 979, the paragraph that follows the number 5, it's only reasonable to conclude that water rights land us 14 days and that the courts had been oblivious to that matter. So although certainly the decision states that further investigation is needed, it raised a lot of very damning questions for the... But in the same paragraph that you just cited that you say is so damning, if it's so damning, why would they say it warrants further investigation? Well, again, I concede that it warrants further investigation, but they may not be able to do that. It's not, quote, so damning if it warrants further... This is not a finding. If this Supreme Court is not saying we find, but rather we have some concerns that warrant further investigation, it doesn't feel like a finding to me. It feels like a vacate and remand for further investigation. It certainly is that. Don't dispute that it's a vacate and remand. And, of course, the 2021 decision, as the Board found, did not address many of these issues that the Supreme Court raised, which is another fatal flaw in that, in addition to the fact that there are a variety of procedural issues. But that all would just create fact. That doesn't help you. All that does is create fact. I mean, it doesn't hurt you, because you might have to go back and relitigate it on vacate and remand. It doesn't mean they win, but it all creates more fact. Potentially. But, of course, the act-of-state doctrine doesn't require any findings... You want to go back to that? Go back to that. That's good. Can I ask, how does the land ownership even go to the issue of breach of contract? Well, if they don't own the land, then there can be no contract. There's no mutual intent to contract. There's no consideration. Well, the only case cited was that Tai Hai case, and it doesn't stand for the proposition of that. I mean, it's not the elements of breach of contract in terms of owning the land. That's correct, Your Honor. But if there's no land ownership, then the contract really is probably the correct analysis is that it's void of an issue. It's represented in the contract that they own the land, but there is nothing that they're... There's no consideration that they're providing. There can be no mutual intent to contract for something that they don't own in the first place. There can be no intent for the government to contract with someone who doesn't actually own what they're representing that they're leasing to us. So that's why there's an issue. Would you agree with me, though, that the case cited in the decision, the Tai Hai case, doesn't stand for that proposition? I agree. I agree with that, Your Honor. I've reviewed that case. I don't think it stands for that proposition. So, Counselor, if we were to rule in favor of the appellant here, what sort of potential defenses could you raise on a potential vacant remand? So a follow-up question I have is wanting to talk a little bit about espousal. I saw some arguments raised in that regard, and I was wondering whether or not that would be something you contend would be open on a vacant remand. Well, the court, I believe, to the extent that the court decides to remand, it should leave that question open for the Board to explain a little further. But the Board did address that issue. My friend cites Chenery in their brief, which is inapplicable for a variety of reasons. However, the Board did precisely address the issue of waiver and extinguishment of claims, although it didn't use the terms espousal and extinguishment. It talked about the waiver of those claims in the sovereign act of the Afghan government, accepting those claims for its own resolution, which it stated that any and all claims made against the Kamp-Talqa and Falchank base regarding the ownership of this land are the responsibility of the government of the Islamic Republic of Afghanistan and should be resolved in full by the Jeroa, and then similar language in the 2018 declaration. So the government of Afghanistan accepted those claims for itself and told the United States government, you will not have to resolve any of the claims, we will resolve those claims ourselves. And in fact, they were doing such things in their own court system, totally consistently with the declarations and the bilateral security agreement. Okay, I have one more question before you go. Yes, Your Honor. So the board made some issue preclusion statements about the 2018 decision. How might they help you? They don't, Your Honor. They were not a final decision. That's meant to be a softball. The 2018 decision is not final, so issue preclusion does not help. Okay, thank you for your honesty. That was great. All right. Now you have some rebuttal time. Yep, Mr. Emanoff. Thank you, Your Honor. A few points. So first of all, Judge Bessant, I agree that we do not need to prove ownership. If we have written contracts, they overstayed the lease, and they didn't pay rent. It's Property Law 101, that's a breach of contract right there. They want to raise lack of consideration or they want to force the covenant of ownership in the lease agreements. They need to prove lack of ownership. That's their burden. They have no evidence in their favor that we don't own the land. But if we do own the land, it answers all the questions. It answers the question about intent to contract and the basic analysis under the Act of State Doctrine 2 was that the idea was that the issue here is ownership. I don't know if it resolves the Act of State Doctrine, but it probably gets you past this stage. I'm happy for this Court to rule that much. We're happy for a vacating remand. There was some suggestion from my friend that even if the declarations didn't take the physical land, they took our intangible claims for unpaid rent from the U.S. government, and that's the relevant Act of State. We do not understand that to be the way the Board reasoned about this case, and regardless, if that's the relevant Act, that's not an Act of State because the Act of State Doctrine only applies to sovereign assets. And that would be here in the U.S. Exactly. I couldn't have said it better. The last thing... Oh, I'm sorry. I don't know if you want to do your last thing and let me go, or... I'll do my last thing, and maybe it'll answer your question. Okay, let's hope. There were a number of statements about the bilateral security agreement. I don't think that helps the government's Act of State Doctrine argument either for a couple reasons. The 2014 bilateral security agreement clearly doesn't... can't mean that the lessors don't own the land because many years later, the 2021 decision says we do own the land. The BSA also does not change Afghan property law. It actually says that it is subject to Afghan law. It doesn't waive any contract claims. To the contrary, it says... Can I ask you a question? No. Okay, let's stop talking. Let her ask her question. I think you don't... You're at least arguing also that you don't need to prove that you own the land, but it's sufficient that if there are genuine issues of material fact with respect to your ownership, you would then win. Is that true or is that not true? Both of those things are true. So I think you can... Either one is sufficient for us. Our view is that we do not have the burden to prove ownership. It's the government's... If the government wants to raise lack of ownership, they need to prove that we don't own the land. They have no evidence to support them. But even if you think that we have that burden, we've had a minimum produced evidence that raises a material question of fact. Do you have more? No, I'm good. Okay, I want to thank both counsel. You did an excellent job, both of you, with really tough issues and a lot of difficult facts. So thank you both. Thank you, Your Honor.